UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATAMOUNT PROPERTIES 2018, LLC, | No. 1:19-cv-01414-DAD-EPG |
| Plaintiff, | |
| v. | ORDER *SUA SPONTE* REMANDING ACTION TO STANISLAUS COUNTY SUPERIOR COURT |
| MARVIN R. WENNEKAMP, | |
| Defendant. | |

This is an unlawful detainer action brought under California state law by plaintiff Catamount Properties 2018, LLC against defendant Marvin R. Wennekamp. On October 7, 2019, defendant removed this case to this federal court from the Stanislaus County Superior Court. (Doc. No. 1.) Defendant appears to assert two bases for removal: (1) diversity jurisdiction; and (2) "Denial of due process in Unlawful Detainer: Eviction after foreclosure and/or rental lease and ejectment, in that the rules of evidence and civil procedure are applied without equal protection." (*Id.* at 2.) For the reasons that follow, however, the court remands this action back to the superior court.

**DISCUSSION**

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell*

1

*& Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 559 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 559 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions*, 559 F.3d at 1107; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus*, 980 F.2d at 566. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

  Defendant first seeks removal of this action to this court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Federal courts may exercise diversity jurisdiction when the parties are in complete diversity, *i.e.* that citizenship of each plaintiff is different from that of each defendant, and the amount in controversy exceeds $75,000. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also* 28 U.S.C. § 1332(a). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual

citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2002). Where it is "not facially evident from the complaint that more than $75,000 is in controversy," defendants in the state action are required to prove, "by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Here, defendant does not properly invoke this court's diversity jurisdiction. Having reviewed defendant's notice of removal, the court concludes that defendant has: (1) failed to allege that the parties are in complete diversity; and (2) failed to provide facts necessary to establish the requisite amount in controversy by a preponderance of the evidence, *Valdez*, 372 F.3d at 1117. Accordingly, the court concludes that defendant cannot remove this action to this court based on diversity jurisdiction.

Next, defendant seeks removal of this action to this court by relying on 28 U.S.C. § 1443. A party removing an action under § 1443 must satisfy the following two-part test: (1) the court must determine that the right allegedly being denied the removal petitioner in state court arises under a federal law providing for specific civil rights stated in terms of equality; and (2) the court must determine that the removal petitioner cannot enforce the specified federal right in state court. *Johnson v. Mississippi*, 421 U.S. 213, 220 (1975); *Georgia v. Rachel,* 383 U.S. 780, 792, 794–99 (1966). "The ground for removal under section 1443[] is both specific and extremely narrow." *Deo v. Guzman*, No. 2:15-cv-1824-TLN-KJN, 2015 WL 5330445, at *2 (E.D. Cal. Sept. 11, 2015) (internal quotation marks and citation omitted).

Here, defendant contends that plaintiff and its counsel "are not proceeding in the manner required by the [California] Code of Civil Procedure, and particularly the rules in evidence." (Doc. No. 1 at 2.) Defendant argues that he "is, therefore, being denied his due process rights and equal protection under the 14th Amendment." (*Id.* at 3.) Defendant also contends in conclusory fashion that plaintiff violated his civil rights. (*Id.*) These allegations are insufficient to meet the first prong of the applicable test because defendant has (1) failed to allege specific facts substantiating his claims that his federal rights have been violated and (2) failed to identify the explicit statutory enactment that is violated by the state court's action(s). Moreover, even if

defendant could satisfy the first prong of the test, he cannot meet the second.  A defendant has no inherent right to a federal forum to adjudicate a federal right absent exclusive federal jurisdiction. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10–12 (1983).

> [T]he vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can clearly be predicted by reason of the operation of a pervasive and explicit state law or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966).  This showing normally requires that "the denial be manifest in a formal expression of state law." *Rachel,* 384 U.S. at 803; *see also Johnson,* 421 U.S. at 220.  Here, defendant has not demonstrated that he will be denied his rights under federal law if this matter remains in state court.  Indeed, state courts are bound to uphold the federal constitution, and defendant has presented no reason to doubt that the state court in this matter will do so.  Accordingly, the court concludes that defendant also cannot remove this action to this federal court under 28 U.S.C. § 1443.

## CONCLUSION

For the reasons set forth above,

1. This action is remanded forthwith to the Stanislaus County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and
2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **October 8, 2019**

UNITED STATES DISTRICT JUDGE